UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUIS PEDRO PINA BARBOSA, )<br><br>Petitioner, )<br><br>v. )<br><br>ANTONE MONIZ, et al., )<br><br>Respondents. ) | Civil Action No. 1:26-cv-12062-AK |

**MEMORANDUM AND ORDER ON WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 RESOLVED BY ORDER**

**ANGEL KELLEY, D.J.**

Petitioner Luis Pedro Pina Barbosa ("Barbosa") is detained at Plymouth County Correctional Facility with a final order of removal and pending removal from the United States. Barbosa has filed this writ of habeas (the "Petition") corpus pursuant 28 U.S.C. § 2241 challenging his detention. The Government opposes his release, stating his detention is lawful under 8 U.S.C. § 1231(a)(6). For the following reasons, Petitioner's writ of habeas corpus is **DENIED**.

## I.    BACKGROUND

Petitioner is not a citizen of the United States. He is a native and citizen of Cape Verde. Petitioner entered the United States in 2008 as a Legal Permanent Resident. Petitioner has resided in the United States since 2008. On September 29, 2023, the Petitioner was convicted of Assault to Murder in violation of Massachusetts General Law Chapter 265 Section 18(b).

On or about January 3, 2024, the Petitioner was placed into removal proceedings after issuance of a Notice to Appear alleging he was removable pursuant to 8 U.S.C. §

1

1227(a)(2)(A)(iii) as he was convicted of an aggravated felony after his admission to the United States.

On or about March 26, 2025, an Immigration Judge issued a final removal order and noted that Petitioner did not file any applications for relief and ordered him removed. The removal order became final following the expiration of the appeal period. On February 9, 2026, the Petitioner was detained by ICE, following his five-year prison sentence for his criminal conviction. On May 1, 2026, ICE completed a post order custody review ("POCR") where ICE determined to keep the Petitioner in custody as he poses a danger to the community, is a flight risk, and removal is likely to occur in the reasonably foreseeable future.

## II.    LEGAL STANDARD

28 U.S.C. Section 2241 confers jurisdiction on this Court to order the release of any person who is held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. 28 U.S.C. § 2241(c). The burden rests on the person in custody to prove his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) (citing Walker v. Johnston, 312 U.S. 275, 286 (1941)).

The court understands the Petition [Dkt. 1] as a challenge to the fact of Petitioner's detention itself, and not a challenge to the removal order. ("This petition is seeking relief from the court to obtain his release from ICE, giving [sic] the unreasonable length of petitioners [sic] detention from when he was ordered removed from the United States by an immigration judge . . . ." Dkt. 1 at 7.

2

## III.    DISCUSSION

### A.  Finding of Removability & Final Removal Order

On March 26, 2025, the Immigration Judge issued a final order of removal citing Petitioner's conviction as charged in the Notice to Appear.  Petitioner was convicted and sentenced to five years in prison for Assault to Murder in violation of Mass. Gen. Laws Ch. 265 Section 18(b).

8 U.S.C. §1227(a)(2)(A(ii) provides that "[a]ny alien who . . . is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable."  Barbosa was therefore, removable pursuant to 8 U.S.C. §1227(a)(2)(A(ii).  As Petitioner did not file for any relief pursuant to 8 C.F.R. §1240.11 the Immigration's Oder was a final order of removal.

The detention and removal of noncitizens with final orders of removal is governed by 8 U.S.C. § 1231 ("Section 1231").  "§1231 explains what to do if the alien is ordered removed." Johnson v. Chavez, 594 U.S. 523, 544 (2021).  "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'"  8 U. S. C. §1231(a)(1)(A).  The removal period begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement.  §1231(a)(1)(B).  Importantly, "DHS need not wait for the alien to seek, and a court to complete, judicial review of the removal order before executing it. Rather, once the BIA has reviewed the order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien unless a court issues a stay."  Johnson v. Guzman Chavez, 594 U.S. 523, 534-35 (2021) (emphasis in original).  During the removal period, detention is mandatory. §1231(a)(2)." Johnson v. Chavez, 594 U.S. 523, 528 (2021).

3

On February 9, 2026, petitioner was released from detention at the conclusion of his State sentence and taken into custody by ICE.  The ninety-day removal period began on February 9, 2026, and ended on May 11, 2026.

However, the government may detain an individual beyond the ninety-day removal period.  For example, if a noncitizen subject to a final order of removal is not removed from the United States within the statutory ninety-day removal period, see 8 U.S.C. § 1231(a)(1)(A), ICE may either release the noncitizen under supervision, see 8 U.S.C. § 1231(a)(3), or continue to detain certain noncitizens under 8 U.S.C. § 1231(a)(6).  See Johnson v. Guzman Chavez, 594 U.S. 523, 528-29 (2021).

Section 1231(a)(6) "provides that an alien may be detained beyond the removal period or released under supervision if he is (1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order."  See Johnson v. Guzman Chavez, 594 U.S. 523, 529 (2021).

Here, Respondents contend that "8 U.S.C. § 1231(a)(6) allows ICE to detain Petitioner because he is an individual who has been determined to be a risk to the community or unlikely to comply with the order of removal; which ICE determined based on his severe criminal arrest and conviction."  Opp'n at 4 [Dkt. 9].  Respondents are correct.  Petitioner was found to be removable by an Immigration Judge based on his criminal conviction.  Thus, pursuant to 8 U.S.C. §1227(a)(2) Petitioner was removable based on his prior conviction, and may be detained beyond the ninety-day removal period pursuant to 8 U.S.C. § 1231(a)(6).

**B.  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241**

Petitioner has filed this Petition challenging the lawfulness of his detention under 28 U.S.C. §2241.  28 U.S.C. §2241 "habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention." Zadvydas v. Davis, 533 U.S. 678, 679 (2001).  The Supreme Court noted, "[i]t is unlikely that Congress believed that all reasonably foreseeable removals could be accomplished in 90 days, but there is reason to believe that it doubted the constitutionality of more than six months' detention.  Thus, for the sake of uniform administration in the federal courts, six months is the appropriate period.  After the 6–month period, once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing." Zadvydas v. Davis, 533 U.S. 678, 680 (2001).

In the present case, Petitioner has been detained over ninety-days, (since February 9, 2026) yet it is still less than the 6-month period that the Supreme Court has found unconstitutional.  Moreover, the Government has demonstrated "the likelihood of removal in the reasonably foreseeable future" by obtaining travel documents for Barbosa to be removed. See Notice of Intent to Remove at 1 [Dkt. 10].  Thus, Petitioner's detention is not unreasonable.

Accordingly, upon consideration of the details of Petitioner's immigration history provided by the government, it is clear to the Court that petitioner is being lawfully detained pursuant to 8 U.S.C. §1231(a)(6), the 6-month period has not expired, and his removal is reasonably foreseeable.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's writ of habeas corpus [Dkt. 1] is **DENIED**.  **SO ORDERED**.

Dated: August 7, 2026 /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge